MUNICIPAL ASSEMBLY OF TOA BAJA, Petitioner, *v.* DISTRICT COURT OF BAYAMÓN, Respondent.

No. 1106. Argued June 22, 1937.—Decided June 25, 1937.

C. *Iriarte,* F. *Fernández Cuyar,* and *Héctor González Blanes* for petitioner. *Angel M. Villamil* for intervener.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On May 28 last Luciano Marchand filed, in the District Court of Bayamón, a sworn petition accompanied by a certified copy of Joint Resolution No. 44 of the Legislative Assembly of Puerto Rico, approved May 12, 1937 (Session Laws, p. 615), requesting the issuance of a peremptory writ of mandamus directed to the Municipal Assembly of Toa Baja. The court ordered that the writ be issued immediately in the manner requested, without hearing the Municipal Assembly.

On the following day, May 29, 1937, the Municipal Assembly applied to this Supreme Court for a writ of certiorari to review the proceedings taken in the district court. The writ was issued and the hearing thereon set for the 14 of this instant June.

At the hearing only Luciano Marchand appeared, by his attorney. The district court sent up the original record of the mandamus proceeding and the Municipal Assembly filed a brief in support of its contentions. Marchand was granted a term to file a reply brief, which he did on the 22d instant.

With all the necessary information before us, we will now proceed to consider and decide the question in dispute, to wit: Whether or not the district court acted in accordance with the law and the facts in issuing the peremptory writ involved herein in the manner it did.

In the petition of Marchand it was alleged that about 1930 the Municipality of Toa Baja bought from him medicines for insolvent patients, for the sum of $1,186.40, in excess of the budgetary appropriation, and this debt was acknowledged by the Municipal Assembly at a session held on May 22, 1930, by a resolution which is transcribed in the petition thus:

"The municipal assembly unanimously resolves to acknowledge the accounts presented by Andréu Aguilar & Co. and Luciano Marchand

for the sums of $1,192.50 and $1,186.40, respectively for a Dodge Bros. automobile and for medicines furnished to the poor, bought at a time of emergency; and it is ordered that these documents be referred to the Finance Committee of the Assembly for its report. The Finance Committee having met immediately, it approves the said accounts without discussion or amendment. The assembly ratifies such action.''

It is further alleged that in spite of said acknowledgment, the assembly did not include in its budgets the necessary appropriation for the payment; that according to petitioner's information, said assembly was holding a special session to prepare the budget for 1937–38 and would hold its last session on May 28, 1937, the day on which the petition was filed, and the said assembly had the intention of excluding such appropriation from the budget, although it was bound to do so under subdivision A of section 46 of the Municipal Law.

It was further alleged in the petition that the Legislature of Puerto Rico had passed a Joint Resolution which the Governor of the Island approved on May 12, 1937, and by virtue of whose provisions the municipality was bound to pay its debt in two annual instalments.

Sections 1, 2, and 3 of said Joint Resolution, read as follows:

"Section 1.—The Auditor of Puerto Rico is authorized to approve, upon presentation of the corresponding documents, the payment, from the municipal funds of the Municipality of Toa Baja, of $1,186.40 to Luciano Marchand, for medicines furnished to the poor prior to the year 1930, and the municipal auditor of Toa Baja is likewise authorized to pay said sum.

"Section 2.—The debt herein referred to shall be paid as follows: $593.20 in the fiscal year 1937–38 and $593.20 in the following fiscal year.

. "Section 3.—At its special meeting each year to work on the budget, the municipal assembly of Toa Baja shall include the corresponding part indicated in Section 2 of this Resolution."

The prayer of the petition, literally copied, reads thus:

"Wherefore, the petitioner, Luciano Marchand, based on sections 649 to 661 of the Code of Civil Procedure (1933 ed.), specially section 653, and subdivision C, section 63 of the Municipal Law in force, and in view of the facts alleged herein and of the applicable legal provisions, and the legislative resolution a copy of which is attached hereto, prays this Hon. Court that it issue a peremptory writ of mandamus directed to the Municipal Assembly of Toa Baja commanding it to include in the budget of said municipality, corresponding to the fiscal year 1937–38 the sum of $593.20, as one-half of the debt acknowledged in favor of petitioner, the other half remaining to be included in the next budget, and which mode of payment petitioner accepts; and that it further order the respondent Municipal Assembly to pay the costs, expenses, and attorney's fees incurred by reason of this petition."

Except for the award of costs as to which no pronouncement was made, the court ordered the issuance of the writ in the form requested.

We admit that a peremptory writ of mandamus may be issued based only on the petition, without hearing the adverse party. In that respect section 653 of the Code of Civil Procedure, 1933 edition, provides that, "when the right to require the performance of the act is clear and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be allowed in the first instance. In all other cases the alternative writ must first be issued." But the case must be in fact an extraordinary one and in which the judge is convinced that it is unnecessary to hear the party against whom the writ is to be issued because it would be impossible for the latter to present any argument against the issuance of the writ.

Is such a case presented herein? Let us see.

In its petition for certiorari on the ground that a peremptory writ of mandamus should not have been issued without hearing the assembly, the latter maintains that the facts are alleged in the petition for mandamus in an irregular and erroneous manner, several lines having been added to the resolution acknowledging the debt of 1930; said ac-

knowledgment being transcribed in the petition without exhibiting a certified copy of the same, which copy would have shown the incorrectness of the part transcribed; that the legislative joint resolution is confined to authorizing the municipality to pay the debt and was not yet in force when the petition was filed nor will it take effect until the coming month of August; and that the petition contained facts that required proof and raised questions of law which could be controverted, such as that of the prescription of the debt sought to be recovered, said debt being in fact prescribed in accordance with subdivision 2, section 1867, of the Civil Code, 1930 ed.

In our judgment the assembly is right.

Although the debt was acknowledged in 1930 and the Joint resolution was approved on May 12, 1937, it was not until May 28, precisely the last day on which the assembly met, that the petition was filed.

A certified copy of the resolution acknowledging the debt was not attached to the petition, and the necessity for this is shown by the certified copy filed by the assembly establishing that the resolution as it appears in the Minute Book does not contain what appears at the end of the part copied in the petition and which is as follows: ''The Finance Committee having met immediately, it approved the said accounts without discussion or amendment. The assembly ratifies such action.'' And the discrepancy is a substantial one.

It is true that sections 2 and 3 of the Joint Resolution seem to be mandatory, but when interpreted in harmony with the first section and with the general purpose of the resolution, it can not be concluded that they are so; and the assembly maintains that if interpreted solely as an authority to act in the sense indicated, the resolution would fall within the constitutional limitations, citing in support of its contention the following excerpt from Corpus Juris: ''An act of the legislature which attempts definitely to fix the amount

due from a municipal corporation to a private individual is an attempt upon the part of the legislature to exercise judicial powers, and is for that reason unconstitutional." 43 C. J. 281.

Moreover, the very petition for mandamus filed in 1937 referred to an acknowledgment of debt made in 1930 for medicines purchased from a druggist, it being stated that the Assembly had failed to include in its budgets the necessary appropriations for the payment, and it is known that subdivision 2 of section 1867 of the Civil Code, 1930 edition, provides as follows:

"Section 1867.—Actions for the fulfilment of the following obligations shall prescribe in three years:

\* \* \* \* \* \* \*

"2. For payments to apothecaries for medicines which they have supplied; to professors and teachers for their salaries and stipends for the instruction they have given, or for the exercise of their profession, art, or trade.

\* \* \* \* \* \* \* "

We do not hold that the extinction of the debt appears from the facts alleged in the petition, but that there is the possibility that the defense of prescription might be set up.

It is consonant with moral order that all legitimate debts should be paid. Perhaps that is the reason for the legislative authorization, and for the ultimate action which the Assembly may take in paying its debt. But the fact must not be overlooked that a different attitude might be assumed by the assembly in the exercise of a legal right. Perhaps after an investigation of all the surrounding circumstances and a study of the legal questions involved it may be decided that such right is nonexistent. But it can not be asserted that a debatable question may not arise. In these circumstances, the court should not have decided the case as it did, without hearing the adverse party.

In virtue thereof, as the joint resolution in question authorizes but does not compel the assembly to act; as it may

be that the debt the payment of which is ordered has prescribed; as the question of whether or not the Legislature may order a municipality to pay a debt which has prescribed is open to argument; and as, even conceding that the legislative resolution is of a mandatory character and was enacted with sufficient authority therefor, it was not in force at the time of the filing of the petition, we think that the peremptory writ of mandamus of the District Court of Bayamón must be annulled and the record returned to said court for the proper proceedings.

Mr. Justice Córdova Dávila took no part in the decision of this case.